UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE CO. | * CIVIL ACTION NO. 22-662 |
| | * |
| | * SECTION: "H"(1) |
| VERSUS | * |
| | * JUDGE JANE TRICHE MILAZZO |
| 2500 LOUISIANA AVENUE HEALTHCARE LLC AND CAMERON MANAGEMENT LLC | * |
| | * MAGISTRATE JUDGE |
| | * JANIS VAN MEERVELD |
| ************************************ | * |

REPORT AND RECOMMENDATION

Before the Court is the Motion for Costs, Expenses, and Attorneys' Fees filed by 2500 Louisiana Avenue Healthcare, LLC ("2500 Louisiana") seeking an award of $29,335 in attorneys' fees it has incurred and $6,703.50 in attorneys' fees incurred by First American Title Insurance Co. ("First American"),[1] and which was paid to First American using the earnest money that had been deposited in the registry of the Court. (Rec. Doc. 31). The District Judge has already ruled that 2500 Louisiana is entitled to all costs, including reasonable attorney's fees, pursuant to the agreement between 2500 Louisiana and Cameron Management, LLC ("Cameron").[2] (Rec. Doc. 26). The District Judge referred the present motion for calculation of those costs and fees to the undersigned for findings and recommendations. (Rec. Doc. 33).

The Motion for Costs, Expenses, and Attorneys' Fees was set for submission on February 1, 2023. Pursuant to Local Rule 7.5E, any opposition memorandum by Cameron was due by

---

[1] First American initiated this interpleader action and deposited the earnest money at issue into the registry of the Court. (Rec. Docs. 1, 4). With the consent of the interpleader defendants, First American was dismissed and was paid its costs and fees from the funds in the registry of the Court. (Rec. Docs. 14, 15).

[2] The District Court held that Cameron breached the terms of the purchase and sale agreement by failing to consummate the sale and that 2500 Louisiana was entitled to receive the earnest money as liquidated damages. (Rec. Doc. 26). The agreement provides that "the prevailing party in any action commenced due to the breach of any provision of this Agreement shall be entitled to recover from the other party all costs, expenses and reasonable attorney's fees incurred by the prevailing party."( Rec. Doc. 1-1, at 8-9).

1

January 24, 2023. No memorandum in opposition was filed. Accordingly, this motion is deemed unopposed.

Further, the undersigned finds that 2500 Louisiana's Motion is largely meritorious and that, but for two changes, 2500 Louisiana should be awarded the fees and expenses it seeks. First, it is uncontested that 2500 Louisiana incurred the $6,703.50 paid to First American as a cost of this litigation. The Court finds 2500 Louisiana should be awarded this expense.

Additionally, 2500 Louisiana has made an uncontested showing, supported by an affidavit of counsel and billing records, that it reasonably incurred attorneys' fees for 68.7 hours of work performed by attorneys at Bland & Partners. The billing rates are also uncontested. However, although the $450 hourly rate for attorney David Bland who has over 40 years of experience is within the range of prevailing market rates in this community, the rate of $350 per hour for seven-year attorney Samantha Marrone is too high for this market based on recent case law. See United States ex rel McNeil v. Jolly, 451 F. Supp. 3d 657, 675 (E.D. La. 2020) (awarding attorneys' fees at the requested rate of $450 per hour for an attorney with over 25 years of experience in False' Claims Act litigation but reducing the requested rate from $300 to $250 per hour for a 7-year attorney with 4 years of FCA experience); Badon v. Berry's Reliable Res., LLC, No. CV 19-12317, 2020 WL 9440406, at *3 (E.D. La. Nov. 30, 2020) (reducing the billing rate for an attorney with 14 years of experience from the requested $350 per hour to $300 per hour); Jefferson v. Baywater Drilling, LLC, No. CV 14-1711, 2015 WL 7281612, at *1 (E.D. La. Nov. 17, 2015) (affirming the magistrate judge's report and recommendation finding that rates of $500 and $450 per hour were reasonable for two attorneys with 40 years of experience in maritime litigation and that $240 per hour was reasonable for an attorney with seven years' experience in maritime litigation). The Court finds that Bland's rate of $450 per hour is reasonable but that Marrone's rate must be reduced to

$300 per hour. The reasonable fees for Bland's 15.1 hours of work at $450 per hour are $6,795 and the reasonable fees for Marrone's 53.6 hours of work at $300 per hour are $16,080. The fee award for the work of Bland & Partners will be reduced to $22,875.

2500 Louisiana also seeks to recover $3,780 in fees incurred for the work of attorney John Haynes, who provided the company with legal advice in the underlying transaction and was consulted for five hours in this matter. This amounts to a rate of $756 per hour. No information has been provided as to Haynes' qualifications and no billing records have been submitted that reflect the nature of his service on this matter. It appears that Haynes may be an attorney out of Nashville. "'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" McClain v. Lufkin Indus., Inc., 649 F.3d 374, 381 (5th Cir. 2011) (quoting Blum v. Stenson, 465 U.S. 886, 895–96 (1984)). A rate of $756 per hour is far outside the prevailing market rates in this community. Haynes' rate will be reduced to $450 per hour, the amount charged by partners at Bland & Partners. Therefore, the fee award for the five hours of work performed by attorney Hayes will be reduced to $2,250.

For the foregoing reasons,

IT IS RECOMMENDED that 2500 Louisiana's motion be granted and Cameron be ordered to pay 2500 Louisiana $31,828.50 in costs and reasonable attorneys' fees.

## Objections

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 13th day of February, 2023.

                                              */s/ Janis van Meerveld*
                                                 Janis van Meerveld
                                          United States Magistrate Judge